UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO.: 3:14-CV-00364-H

CTP INNOVATIONS, LLC                                   PLAINTIFFS

v.

V.G. REED AND SONS, INC.                               DEFENDANT

**MEMORANDUM AND ORDER**

This is a patent infringement case initiated by Plaintiff, CTP Innovations, LLC ("Plaintiff"), against V.G. Reed and Sons, Inc. ("Reed") to stop Reed's alleged infringement on two United States patents, otherwise known as the 349 Patent and the 155 Patent. These patents relate to systems and methods of providing publishing and printing services by a communication network involving computer to plate technology. Plaintiff owns by assignment both the 349 Patent and the 155 Patent and, in this lawsuit, accuses Reed of infringing them in violation of 35 U.S.C. § 271.

Reed has now moved for a stay of this patent infringement action pending a determination of an *inter partes* review ("IPR") before the United States Patent and Trademark Office's Patent Trial and Appeal Board (the "PTAB"). Reed argues that the stay is appropriate because the PTAB's resolution of invalidity issues regarding the two patents will simplify the instant action and no party will be prejudiced by the stay. Plaintiff vigorously objects to the stay. The Court has had an opportunity to review all the arguments.

Whether to grant such a stay pending an administrative proceeding appears to be within this Court's reasonable discretion. *See Procter & Gamble Co. v. Team Techs., Inc.*, 1:12-CV-552,

2013 WL 4830950, *1 (S.D. Ohio Sept. 10, 2013) (citing *Landis v. North American Co.,* 299 U.S. 248, 254 (1936)). The party seeking a stay bears the burden of showing that it is appropriate. *See United States v. Mandycz*, 321 F. Supp. 2d 862, 866 (E.D. Mich. 2004) (quoting *Ohio Envtl. Council v. U.S. Dist. Court, S. Dist. of Ohio*, 565 F.2d 393, 396 (6th Cir. 1977)).

All parties seem to agree that the Court should weigh three factors: (1) whether the stay will unduly prejudice a non-moving party; (2) whether the stay will allow for simplification of the issues in this litigation, more particularly whether the current IPR will clarify some of the issues here; and (3) whether the particular stage in the litigation makes a stay convenient. *See SSW Holding Co., Inc. v. Schott Gemtron Corp.*, No. 3:12CV-661-S, 2013 WL 4500091, *3 (W.D. Ky. Aug. 21, 2013). The analysis is not limited to those three factors; rather, the totality of the circumstances in the case is also significant. *See Procter & Gamble Co.*, 2013 WL 4830950 at *2. After reviewing these factors and others, the Court concludes that Defendant has not met its burden of showing that a stay is appropriate.

This litigation is at an early stage; however, a stay at this particular moment would appear to unfairly prejudice Plaintiff. Third parties have already unsuccessfully challenged these patents in a previous IPR proceeding. Now, five months after that denial, other parties have filed a successive IPR petition with similar claims. No one knows the exact time required to resolve these additional proceedings, although they could stretch so far as November 2015. Any delay of this kind is inherently prejudicial to Plaintiff's right to pursue its claims. Moreover, it is not clear that the current IPR proceedings would actually resolve all the issues in this litigation. Because the IPR is at an early stage, such analysis is speculative. Finally, because the PTAB has already denied challenges to the patents in the first IPR proceeding, it would seem even less likely that the current petition would succeed.

The Court believes that it would be best to begin some progress toward preparing for claim construction or other motions which could help define this case. If the PTAB should issue a decision which changes any of these assumptions or the status of the overall disputes, then the Court can certainly review this denial. In the meantime, the Court's judgment is that the parties should reach agreement on an appropriate litigation plan and proceed with it.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant's motion to stay is DENIED.

IT IS FURTHER ORDERED that Defendant's motion for extension of time is SUSTAINED and it shall have to and including **August 4, 2014**, to file an answer or otherwise respond to the complaint.

cc: Counsel of Record